IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BRENDAN WELCH, and WELCH RACING
LLC,

               Plaintiffs,

     vs.

DOUBLE 00 SHITSHOW, LYLE BARNETT,
COURTNEY ENDERS, and JENNA
MOREHEAD,

            Defendants.

**4:23CV3162**


**MEMORANDUM AND ORDER**

Plaintiffs Brendan Welch ("Welch") a non-prisoner, and Welch Racing LLC ("WR"), filed a pro se Complaint on September 5, 2023, Filing No. 1, brought pursuant to 42 U.S.C. § 1983, a motion to proceed in forma pauperis ("IFP"), Filing No. 2, a motion to "Exclude/Closely Monitor Issue Gag order" (the "Gag Order Motion"), Filing No. 5, and a motion seeking the appointment of counsel, Filing No. 7.  Upon consideration, Plaintiff's motion to proceed IFP shall be granted.

The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) and, for the reasons set forth below, determines that it is.  Because the case shall be dismissed, the Gag Order Motion and motion to appoint counsel shall be denied as moot.

## I. IFP

Plaintiff Welch filed a motion to proceed IFP, alleging he has $30 in his checking or savings account and no income due to being unemployed.  Filing No. 2 at 1–2.  Upon review of Plaintiff's Motion, the Court finds that Plaintiff Welch is financially eligible to proceed in forma pauperis.

## II. INITIAL REVIEW

### A. Summary of Complaint

Viewing the Complaint herein in the light most favorable to the Plaintiffs, the Court has determined that the claims raised therein are frivolous.  The Complaint is a "Civil Rights Complaint" alleging federal question jurisdiction under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983.  Filing No. 1.  The Complaint is construed to allege claims of infringement, false advertising, various reputational torts including false light and invasion of privacy, and misappropriation against Defendants Double 00 Shitshow ("Double 00"), Lyle Barnett, Jenna Morehead, and Courtney Enders.  Filing No. 1 at 2–3.  The claims arise from defendants alleged theft of intellectual property belonging to Plaintiffs, which Plaintiffs claim defendant Double 00 used, marketed, and profited from without Plaintiffs' permission, and that the other defendants knew of the misappropriation and "published and supported the fraud."  *Id.* at 4.   As relief, Welch and WR seek $120,000 in damages for lost income, damage to reputation, and emotional distress.  *Id.* at 5.

### B. Applicable Legal Standards on Initial Review

A court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e).  A court must dismiss a

complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999) ).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## C.  Discussion of Claims

Upon review, there is no jurisdiction under either *Bivens* or 42 U.S.C. § 1983 for Plaintiffs' claims to proceed.  The Court notes that this is not the first case filed by Plaintiffs under *Bivens* and/or 42 U.S.C. § 1983 that has been summarily dismissed on initial review for this deficiency.[1]

---

[1] *See Welch v. Double 00 Shitshow, et. al.*, Case No. 8:23-CV-318, Filing No. 18 at 4; *Welch v. Double 00 Shitshow, et. al.*, Case No. 4:23-CV-3129, Filing No. 9; *but see Welch v. Stecker*, Case No. 4:23-CV-3157 (seeking relief under 42 U.S.C. § 1983 and *Bivens*, naming several Federal Bureau of Investigation officers as defendants).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) a violation of rights protected by the United States Constitution or created by federal statute; *and* (2) must show that the alleged deprivation was <u>caused by conduct of a person acting under color of state law</u>. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (emphasis added). "An action under *Bivens* is almost identical to an action under section 1983, except that the former is maintained against federal officials while the latter is against state officials." *Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999). To put it plainly, to proceed under *Bivens* or 42 U.S.C. § 1983 a plaintiff may only bring claims against government actors or individuals acting under color of law.

This "color of law" requirement means that a defendant's conduct must amount to "State action." *See Rendell–Baker v. Kohn,* 457 U.S. 830, 838 (1982) (citation omitted). State action is ordinarily committed by officers and employees of a governmental agency. *See Lugar v. Edmondson Oil Co.,* 457 U.S. 922 (1982). However, the test employed in determining whether a private citizen's conduct constitutes "State action," has two elements: (1) the deprivation of the right at issue must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible, and (2) the "party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id.* at 937. The second element requires evidence that shows that a defendant was a "willful participant in joint activity with the State or its agents." *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150 (1970); *Murray v. Wal–Mart, Inc.,* 874 F.2d 555, 558–59 (8th Cir.1989).

Here, the allegations in Plaintiffs' Complaint do not signify that any defendant was acting as or in conjunction with a governmental agency or official when committing the

alleged violations.  Instead, it appears Plaintiffs' claims all arise from the actions of private actors—either individuals and/or an individually operated online presence—allegedly stalking and harassing Plaintiffs, utilizing Plaintiffs' intellectual property without authorization, and making negative public statements about Plaintiffs which in turn caused reputational harm to Plaintiffs, ultimately resulting in Plaintiffs' loss of income. Filing No. 1 at 4 –5.

There is no indication of government action by any of the defendants named in the Complaint which would allow claims against them to proceed under *Bivens* or 42 U.S.C. § 1983.  Therefore, the Complaint must be dismissed as pleaded.

However, while it appears that based on the addresses listed for defendants (Texas, Arkansas, and North Carolina) and for Plaintiffs (Nebraska) the case may potentially proceed as a diversity matter under 28 U.S.C. § 1332, *see* Filing No. 1 at 2–3, this Court shall not allow Plaintiff an opportunity to amend.  The Court declines to offer Plaintiffs such an opportunity as it is clear the allegations in the instant Complaint overlap with claims arising from the same set of facts—the stalking, online harassment, use of Plaintiffs' intellectual property, reputational torts, and related emotional distress—set forth in a consolidated diversity/federal question action pending before this Court, filed by the same plaintiffs against many, if not all, of the same defendants. *See Welch v. Wright, et. al.*, Case No. 4:23-CV-3128, Filing No. (the "Consolidated Case").  Moreover, Plaintiffs, in their statement of injuries state: "[s]ee original file."  Filing No. 1 at 5.  The Court presumes the "original file" references the Consolidated Case, further indicating the claims alleged in the instant matter are best brought in the Consolidated Case where they can be considered together with the other claims arising from the actions of Double 00

5

and the alleged participating defendants in what appears to be a larger scheme of ongoing tortious conduct.

In cases similar to Plaintiffs', where each instance or event that occurs, when considered together, results in series of ongoing claims against multiple parties that relate to a larger scheme, there is no need to file a separate complaint for each event in the alleged scheme.  Lawsuits may consist of many different claims, or legal theories of relief.  For example, "a fired employee . . . may bring claims of age *and* sex discrimination in the same proceeding, or bring claims of termination based on harassment *and* retaliatory motives" against multiple defendants relating to a series of actions or events that resulted in the employee's termination in the same proceeding.  *See Nunley v. Kloehn*, 158 F.R.D. 614, 617 (E.D. Wis. 1994).

Plaintiffs have already received such instruction.  In the Consolidated Case, this Court instructed Plaintiffs to take the time necessary to follow the orders of this Court and to amend the Consolidate Case to address all claims against all defendants relating to the alleged harassment scheme involving Double 00, instead of continuing to file complaints, multiple amendments, and motions seeking similar or identical relief or seeking relief this Court is unable to provide in civil actions, such as criminal charges and criminal penalties.  *See* Consolidated Case, Filing No. 23 at 4.  Moreover, Plaintiffs have been warned that continued failure to comply with this Court's orders may result in dismissal of Plaintiffs' claims without prejudice and without further notice.  *Id.*

For these reasons, and as it appears the claims set forth in the instant matter are more appropriately addressed in the Consolidated Case, this case shall be dismissed.

IT IS THEREFORE ORDERED that:

1.  The motion to proceed IFP, Filing No. 2, is granted.  The Complaint shall be filed without payment of fees.

2.  The Complaint, Filing No. 1, is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2).  To the extent Plaintiffs seek to further amend the Consolidated Case to add claims from the instant matter not already before the Court in that action, Plaintiffs must amend their Complaint (and file any motions seeking additional time to do so) in the Consolidated Case.

3.  The motion to "Exclude/Closely Monitor Issue Gag order," Filing No. 5, and the motion seeking the appointment of counsel, Filing No. 7, are denied as moot.

4.  A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 11th day of September, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge