IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRENDAN WELCH, and WELCH RACING LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>DOUBLE 00 SHITSHOW, LYLE BARNETT, COURTNEY ENDERS, and JENNA MOREHEAD,<br><br>Defendants. | 4:23CV3162<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on a "Motion in support of proposed order," including a proposed order titled "Order Granting Motion to Reactivate; Remand and Consolidate," filed by Plaintiffs on October 11, 2023 (the "Motion"). Filing No. 20. The Court interprets Plaintiff's Motion as seeking reconsideration of this Court's September 11, 2023 order dismissing this case without prejudice. Filing No. 8.

While the Court shall treat the Motion as a motion for reconsideration, because Plaintiffs have not indicated which provision of the Federal Rules of Civil Procedure they rely upon in making the Motion, the Motion may be treated either as a Rule 59(e) motion to alter or amend judgment or as a Rule 60(b) motion for relief from judgment. *See Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988). Here, whichever rule is applied, the Motion fails.

Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence and cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. See United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006).

Under Rule 60(b), a court may grant a party relief from a judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). The Court notes that relief under the "any other reason" catchall provision of Rule 60(b)(6), is available only in "extraordinary circumstances." Buck v. Davis, 137 S. Ct. 759, 777–78 (2017) (quoting Gonzalez v. Crosby, 545 U.S. 524 (2005)).

As an initial matter, a Rule 59(e) motion "must be filed no later than 28 days after the entry of judgment."[1] Fed.R.Civ.P. 59(e). Here, the judgement of dismissal was entered on September 11, 2023, Filing No. 9, to which Plaintiff appealed to the Eighth Circuit on September 12, 2023, Filing No. 10. The Eighth Circuit summarily affirmed this Court's dismissal on September 27, 2023, Filing No. 18, and issued a mandate on

---

[1] A Rule 60(b) motion "must be made within a reasonable time." Fed.R.Civ.P. 60(c)(1).

2

November 2, 2022, Filing No. 22. Plaintiffs' Motion was not timely filed under Rule 59(e) as it was filed on October 11, 2023, *see* Filing No. 20, 29 days after this Court's judgment of dismissal was entered. However, Plaintiffs' Motion does not meet Rule 59(e) or Rule 60(b)s' reconsideration criteria on the merits even if the Motion were timely filed under both rules.

Plaintiffs filed this Complaint as a "Civil Rights Complaint" alleging federal question jurisdiction under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983. Filing No. 1. In dismissing the case, this Court found there was "no indication of government action by any of the defendants named in the Complaint which would allow claims against them to proceed under *Bivens* or 42 U.S.C. § 1983," and that leave to amend the Complaint to allow Plaintiffs' to proceed in diversity was unwarranted as it was:

> clear the allegations in the instant Complaint overlap with claims arising from the same set of facts—the stalking, online harassment, use of Plaintiffs' intellectual property, reputational torts, and related emotional distress—set forth in a consolidated diversity/federal question action pending before this Court, filed by the same plaintiffs against many, if not all, of the same defendants. *See Welch v. Wright, et. al.*, Case No. 4:23-CV-3128, Filing No. [9] (the "Consolidated Case").

Filing No. 8 at 5 (emphasis in original).

Plaintiffs supply no argument in their Motion which would apply to Rule 59(e) or 60(b), instead arguing that the matter should be reopened because the issues alleged are of a serious and potentially criminal nature and are fundamentally detrimental to Plaintiffs' financial and mental well-being. *See* Filing No. 20. However, Plaintiffs wholly fail to address the reasons for which this case was dismissed: failure to meet jurisdictional "color of law" standards under *Bivens* and 42 U.S.C. § 1983. Moreover, while it appears

3

Plaintiffs also seek to consolidate the claims made in this case with Plaintiffs' other cases currently pending, the Court points out that the Consolidated Case, *Welch v. Wright, et. al.*, Case No. 4:23-CV-3128, remains open and Plaintiffs have been instructed to amend their Complaint in that case to include all related claims such as those alleged in the instant matter. In other words, it appears Plaintiffs seek relief that is in fact available to them: amendment of their Complaint in the Consolidated Case to allow inclusion of the claims and defendants named in the instant matter. As such relief is in fact available to Plaintiffs', and as Plaintiffs were instructed in the order dismissing this case to bring any claims sounding in diversity in the Consolidated Case, *see* Filing No. 8 at 5–6, the relief sought here is redundant and shall be denied.

IT IS THEREFORE ORDERED that: Plaintiffs' Motion, Filing No. 20, seeking reconsideration of this Court's prior order dismissing this case without prejudice, Filing No. 8, is denied. This case remains closed.

Dated this 7th day of November, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge